IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| AMY BETTS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 1:15CV613 |
| ) | |
| STEPHEN BRETT ) | |
| ARMSTRONG, et al., ) | |
| ) | |
| Defendant(s). ) | |

## ORDER AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This matter is before the Court upon *pro se* Plaintiff Amy Betts' application to proceed *in forma pauperis* (IFP) pursuant to 28 U.S.C. § 1915(a). (Docket Entry 1.) The Court will review the Complaint to determine whether dismissal is appropriate because it is frivolous or malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2)(B); *Michau v. Charleston Cnty., S.C.*, 434 F.3d 725, 728 (4th Cir. 2006). "Dismissal of an action . . . is appropriate when it lacks an arguable basis in law or fact." *Jones v. Sternheimer*, 387 F. App'x 366, 368 (4th Cir. 2010). A frivolous complaint "lacks an arguable basis in either law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Nagy v. Federal Med. Ctr. Butner*, 376 F.3d 252, 256-57 (4th Cir. 2004) ("The word 'frivolous' is inherently elastic and not susceptible to categorical definition. . . . The term's capaciousness directs lower courts to conduct a flexible analysis, in light of the totality of the circumstances, of all factors bearing upon the frivolity of a claim." (some internal quotation marks omitted)).

1

A complaint that does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'" must be dismissed. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct." *Id.* The court does not consider "legal conclusions, elements of a cause of action, and bare assertions devoid of factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted). In other words, the standard requires a plaintiff to articulate facts, that, when accepted as true, demonstrate the plaintiff has stated a claim that makes it plausible he is entitled to relief. *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678, and *Twombly*, 550 U.S. at 557).

Additionally, "[f]ederal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Thus, original jurisdiction lies in two types of cases: (1) those involving federal questions and (2) those involving diversity of citizenship. 28 U.S.C. §§ 1331 and 1332(a). The plaintiff bears the burden of showing that jurisdiction exists. *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). Questions concerning subject matter jurisdiction may be raised at any time by the parties or *sua sponte* by the Court. *Brickwood Contractors, Inc. v. Datanet Eng'g, Inc.*, 369 F.3d 385, 390 (4th Cir. 2004). Should the Court conclude that it lacks subject matter jurisdiction, it must dismiss the action. Fed. R. Civ. P. 12(h)(3).

2

Although difficult to discern, Plaintiff's complaint appears to allege several causes of action against numerous defendants surrounding child custody court orders of her three children. *(See generally* Complaint, Docket Entry 2.) Plaintiff's claims appear to be barred under the *Rooker-Feldman* doctrine. The *Rooker-Feldman* doctrine applies where a federal litigant seeks to review or overturn a state court order in federal district court. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 281 (2005). "Under the *Rooker-Feldman* doctrine, lower federal courts generally do not have jurisdiction to review state-court decisions; rather, jurisdiction to review such decisions lies exclusively with superior state courts and, ultimately, the United States Supreme Court." *Plyler v. Moore*, 129 F.3d 728, 731 (4th Cir. 1997). The *Rooker-Feldman* doctrine prevents a federal court from determining that a state court judgment was erroneously entered or taking action that would render a state court judgment ineffectual. *Jordahl v. Democratic Party of Va.*, 122 F.3d 192, 202-03 (4th Cir. 1997) (citing *Ernst v. Child and Youth Servs.*, 108 F.3d 486, 491 (3d Cir.1997)). The doctrine bars federal courts from addressing issues that are "'inextricably intertwined' with the issues that were before the state court." *Washington v. Wilmore*, 407 F.3d 274, 279 (4th Cir. 2005) (quoting *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983)). An issue is "inextricably intertwined" with those before the state court if "success on the federal claim depends upon a determination that the state court wrongly decided the issues before it." *Plyler*, 129 F.3d at 731 (internal quotation marks and citation omitted).

The *Rooker-Feldman* doctrine is a "narrow doctrine." *Lance v. Dennis*, 546 U.S. 459, 464 (2006) (per curiam). In *Exxon*, the Supreme Court limited the doctrine "to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers

complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp.*, 544 U.S. at 284. The relief sought in federal court must "reverse or modify the state court decree" for the doctrine to apply. *Adkins v. Rumsfeld*, 464 F.3d 456, 464 (4th Cir. 2006) (internal quotation marks omitted). Accordingly, "*Exxon* requires us to examine whether the state-court loser who files suit in federal district court seeks redress for an injury caused by the state-court decision itself. If [the state-court loser] is not challenging the state-court decision, the *Rooker-Feldman* doctrine does not apply." *Davani v. Va. Dep't. of Transp.*, 434 F.3d 712, 719 (4th Cir. 2006) (footnote omitted).

Here, Plaintiff alleges that Defendants have engaged in dishonest and illegal acts that have interfered with her parent-child relationships, jeopardized and destroyed her livelihood as a school teacher, and has caused her and her children to be tormented and emotionally distressed. (Compl., Docket Entry 2.) Plaintiff alleges that the judges, attorneys, social workers (collectively involved with the custody proceedings), the Lincoln County School Board, Plaintiff's ex-husband, and others conspired and colluded to interfere with her parental rights. (*Id.*) Among other things, Plaintiff seeks to vacate state court orders, full custodial rights, and desires her three minor children to be back in her sole custody, care and control. (*Id.* at 23.) It is clear that Plaintiff "seeks redress for an injury caused by [a] state-court decision." *See Davani*, 434 F.3d at 719. To the extent Plaintiff seeks redress for the alleged malicious or fraudulent acts of Defendants, any such relief is so "inextricably intertwined" with the state court decisions that it would require this Court to reconsider prior state court decisions to determine whether they were properly decided. *See Dye v.*

4

*Hatfield*, No. CIV.1:03CV01077, 2004 WL 3266029, at *5 (M.D.N.C. Aug. 26, 2004) *aff'd*, 122 F. App'x 649 (4th Cir. 2005). As in *Dye*, a ruling in favor of Plaintiff "would necessarily require this court to find that the North Carolina state courts either wrongly decided certain issues before them or improperly entered orders and judgments against Plaintiff [ ] in civil and criminal matters related to Plaintiff['s] domestic dispute[s]." *Id.* "Furthermore, federal courts typically avoid decisions in matters related to divorce, child support, and child custody because these matters traditionally fall within the jurisdiction of state courts." *Id.* Here, Plaintiff's claims "appear to be nothing more than a collateral attack on decisions of the North Carolina state courts in civil and criminal matters related to . . . parental rights and legal obligations for the care, custody, and support" of Plaintiff's three children. *Id.* at 3. Thus, the court lacks subject matter jurisdiction under the *Rooker-Feldman* doctrine.

For the reasons stated herein, **IT IS HEREBY ORDERED** that Defendant's application to proceed *in forma pauperis* (Docket 1) is **GRANTED** for the sole purpose of entering this Order and Recommendation.

**IT IS RECOMMENDED** that the Complaint be dismissed for lack of subject matter jurisdiction.

_____
Joe L. Webster
United States Magistrate Judge

October 22, 2015
Durham, North Carolina